1 | DANA A. SUNTAG, State Bar Number: 125127
JOSHUA J. STEVENS, State Bar Number: 238105
2 | HERUM CRABTREE SUNTAG
*A California Professional Corporation*
3 | 5757 Pacific Avenue, Suite 222
Stockton, California 95207
4 | Telephone: (209) 472-7700
Facsimile: (209) 472-7986
5 | dsuntag@herumcrabtree.com
jstevens@herumcrabtree.com
6 |
OFFICE OF THE COUNTY COUNSEL
7 | OF SAN JOAQUIN
MATTHEW P. DACEY (State Bar #196943)
8 | Deputy County Counsel
44 North San Joaquin Street, Suite 679
9 | Stockton, California  95202
Telephone:  (209) 468-2980
10 |
11 | Attorneys for Defendant
COUNTY OF SAN JOAQUIN
12 |

13 |

14 |                    UNITED STATES DISTRICT COURT

15 |                    EASTERN DISTRICT OF CALIFORNIA

16 | S.B,,                              )   Case No.:
                                       )
17 |              Plaintiff,            )   (County of San Joaquin Superior Court
                                       )   Case No.: STK-CV-UPI-2017-4029)
18 |        vs.                         )
                                       )   NOTICE OF REMOVAL OF ENTIRE
19 | COUNTY OF SAN JOAQUIN, et al,      )   ACTION
                                       )
20 |              Defendants.           )
                                       )
21 | ─────────────────────────────────

22 |

23 |

24 |

25 |

26 |

27 |

28 |

HERUM \ CRABTREE \ SUNTAG
ATTORNEYS

PLEASE TAKE NOTICE that Defendant County of San Joaquin (hereafter, "County"), removes to this Court the entire state court action described below.

1.     On April 21, 2017, Plaintiff S.B. commenced an action entitled *S.B. v. County of San Joaquin, et al.*; San Joaquin County Superior Court Case No. STK-CV-UPI-2017-4029 (the "State Court Case"), by filing a complaint with the Stockton Branch of the San Joaquin County Superior Court (the "Complaint").  A true and correct copy of the Summons and Complaint is Exhibit A.

2.     On May 25, 2017, the County first received, through service or otherwise, a copy of the initial pleading in the State Court Case (the Complaint) setting forth the claim for relief upon which such action or proceeding is based. (See the Summons, attached as part of Exhibit A, which notes the service date.)

3.     In her Complaint, S.B. alleges that when she was a minor, she was in custody of the San Joaquin County Juvenile Detention Center, where, she alleges, the County allowed or failed to prevent a male juvenile detainee to watch S.B. while she showered. She also alleges the male juvenile detainee made lewd and/or suggestive comments to S.B., and exposed himself to her. The Complaint contains causes of action for (1) negligence, (2) negligence per se, (3) right to privacy, (4) municipality liability pursuant to 42 U.S.C. Section 1983, and (5) violation of prisoner's federal civil rights pursuant to the 8th Amendment and 42 U.S.C. Section 1983.

4.     This Court has removal jurisdiction over this case because it is a civil action containing claims arising under federal law, 42 U.S.C. Section 1983 and the 8th Amendment. Plaintiff's fourth and fifth causes of action expressly allege these federal question claims.

5.     This Court has original jurisdiction over this case because it might have originally been filed in federal court under 28 U.S.C. Section 1441(a). *Exxon Mobil Corp. v. Allapattah Services, Inc.* 545 U.S. 546, 563 (2005) ("district court has original

NOTICE OF REMOVAL OF ENTIRE ACTION

HERUM \ CRABTREE \ SUNTAG
ATTORNEYS

jurisdiction of a civil action for purposes of § 1441(a) as long as it has original jurisdiction over a subset of the claims constituting the action").

6.     Plaintiff's Complaint names the County as a Defendant, in addition to unnamed, unserved Does 1 through 100. Thus, all Defendants who have been properly served in the State Court Case consent to the removal of the State Court Case, and there are no other Defendants to be joined to the action.

7.     On June 21, 2017, the County filed an Answer in the State Court Case. (Exhibit B.) Counsel for the County obtained from the State Court's online docket a copy of its Notice of Case Assignment and Scheduling Information ("Case Assignment"). A true and correct copy of the Case Assignment and Scheduling Information is Exhibit C. Aside from the Summons, Complaint, the County's Answer, and the Case Assignment and Scheduling Information in the State Court Case, all of which are attached, the County has not been served with and has not received any other process, pleadings, or orders in the State Court Case.

Dated:  June 22, 2017                       HERUM\CRABTREE\SUNTAG
                                           *A California Professional Corporation*


                                           By: */s/ - Joshua J. Stevens*
                                               JOSHUA J. STEVENS
                                               Attorneys for Defendant
                                               COUNTY OF SAN JOAQUIN

HERUM\CRABTREE\SUNTAG
ATTORNEYS

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*Walk-in RECEIVED 2017 MAY 25 PM 2:58 CLERK OF THE BOARD OF SUPERVISORS BY DEPUTY*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

*FILED APR 21 PM 1:51 R. JUNQUEIRO, CLERK LISA VEGA DEPUTY*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COUNTY OF SAN JOAQUIN, and DOES 1 to 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
S.B.,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Joaquin
222 E. Weber Ave. Stockton, CA 95202

CASE NUMBER:
*(Número de Caso):*
STK-CV- UPI -2017- 4009

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shafeeq Sadiq, Esq. SADIQ LAW FIRM 509 W. Weber Ave. Ste. 202, Stockton, CA 95203 (209) 943-0000

DATE: APR 21 2017   ROSA JUNQUEIRO   Clerk, by   LISA VEGA   , Deputy
*(Fecha)*                                  *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* County of San Joaquin
4. ☒ by personal delivery on *(date):* MAY 25, 2017

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SHAFEEQ SADIQ**
STATE BAR # 233049
SADIQ LAW FIRM
509 W. Weber Ave. Suite 202
Stockton, CA 95203
(209) 943-0000
(209) 787-5129 FAX
WWW.SADIQLAWFIRM.COM

ATTORNEYS FOR PLAINTIFF
S.B.

FILED

17 APR 21   PM 1:51

ROSA JUNQUEIRO, CLERK

BY _____ LUZ VEGA

THIS CASE HAS BEEN ASSIGNED TO
JUDGE ELIZABETH HUMPHREYS IN
DEPARTMENT 10C FOR ALL PURPOSES,
INCLUDING TRIAL.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

UNLIMITED CIVIL JURISDICTION

S.B.,

      Plaintiff,

      v.

COUNTY OF SAN JOAQUIN, and DOES
1-100, inclusive,

      Defendants.

Case No.

STK-CV- UPI -2017- 4029

**COMPLAINT FOR DAMAGES**

*Jury Trial Demanded*

## PREFATORY ALLEGATIONS

1. At all times alleged in the complaint, Plaintiff S.B. was a minor and a citizen of the United States, and a resident of San Joaquin County, California. She has now reached the age of majority and brings this action on her own behalf.

2. At all relevant times, Defendant COUNTY OF SAN JOAQUIN (hereinafter "COUNTY") is and was a governmental entity, duly organized and existing under the laws of the State of California. At all times herein mentioned, COUNTY employed and/or contracted with persons whose identities are unknown to Plaintiffs at this time (and who, therefore, are sued herein as DOES). In performing the acts and omissions described herein, these agents and/or employees were acting within the course and scope of their agency and/or employment for Defendant COUNTY.

3. Defendant DOES 1-100 are unknown individuals, corporations, municipalities, and/or other legal entities, whose true names, identities, and capacities, are unknown at this

COMPLAINT FOR DAMAGES

20-17

1 | time and, therefore, sue said individuals and entities by such fictitious names.  Plaintiff will
2 | seek leave to amend the Complaint to list the true names and capacities of such Defendants
3 | when they have been ascertained.

4 |     4.  Plaintiff is informed and believe, and thereon alleges, that each such DOE
5 | Defendants are responsible in some manner to Plaintiff for the injuries and damages alleged
6 | herein, and are subject to the jurisdiction of this Court as a necessary party for the relief
7 | herein requested.

8 |     5.  Plaintiff is informed and believes, and thereon alleges, that at all relevant times
9 | herein, all DOE Defendants were the agents, representatives, employees, and/or trustees of
10 | COUNTY, and in doing the things herein alleged, were acting in the course and scope of
11 | such agency, representation, employment, and acts of Defendant COUNTY.

12 |     6.  Pursuant to Government Code Section 815.2, COUNTY is vicariously liable for
13 | the torts committed by each DOE defendant while in the course and scope of their
14 | employment with the County of San Joaquin.

## JURISDICTION AND VENUE

16 |     7.  This Court has jurisdiction over this case because the amount in controversy
17 | exceeds $25,000 and the causes of action are common law and statutory tort claims
18 | recognized by California law.

19 |     8.  Venue is proper in the County of San Joaquin because all incidents, events, acts,
20 | and omissions, giving rise to this action occurred in the County of San Joaquin.

21 |     9.  On September 26, 2016, Plaintiff filed a timely claim with Defendant COUNTY
22 | OF SAN JOAQUIN as required by California Government Code sections 910, et seq.
23 | Defendant COUNTY OF SAN JOAQUIN rejected Plaintiff's claim.  Plaintiff filed this
24 | complaint within six (6) months of receiving Defendant COUNTY OF SAN JOAQUIN's
25 | notice of rejection.  Consequently, Plaintiffs have complied with the claims filing
26 | requirements of the Government Code and this complaint is timely under all applicable laws.
27 | ///
28 |

20-17

## GENERAL ALLEGATIONS

10.   On or around March 29, 2016, 17 year old Plaintiff was in the custody, protection and control of Defendants at the San Joaquin County Juvenile Detention Center located at 575 W. Mathews Road in French Camp, California.  The detention center is commonly known "juvenile hall."

11.   Under Welfare and Institutions Code § 851, Defendants must maintain juvenile hall in such a manner so that it is "not be deemed to be, nor be treated as, a penal institution." Defendants have a legal duty to create "a safe and supportive homelike environment."

12.   Under Welfare and Institutions Code § 224.71(a), Defendants have a duty to provide a "safe, healthy, and clean environment conducive to treatment and rehabilitation" at juvenile hall, where minors under its care, custody, supervision, and control "are treated with dignity and respect."

13.   Under Welfare and Institutions Code §224.71(b), Defendants have a duty to keep the minors under its care, custody, supervision, and control "free from physical, sexual, emotional, or other abuse."

14.   Under Welfare and Institutions Code section 224.73, Defendants have a duty to "ensure the safety and dignity of all youth in their care..."

15.   During her time at the Juvenile Detention Center, Defendants did not provide a safe, healthy, and clean environment for Plaintiff.  Instead, Plaintiff was housed in a coed Unit 2 where she, along with 20-25 other female minors, was subjected to a hostile environment from mature male youths.  During her time in Defendant's custody, care, and control, Plaintiff was subject to sexual harassment, unwanted sexual propositions, and physical threats from the male youths.  Claimant even witnessed her fellow female youths propositioned for sex trafficking by these male youths.

16.   By way of design, Unit 2 houses male prisoners in a hallway directly in front of, and less than 10 feet away from, the shower facility.  The shower facility does not have a

1  door and is open to the hall way.  The occupant of cell 10 has a glass window on his door

2  that gives him a bird's-eye view of the shower facility.  If this window is not covered

3  properly, the male youth is able to watch all juveniles shower nude in front of him.

4      17.  On March 29, 2016, the Defendants failed to properly cover the window of cell

5  10.  As a result, a mature male youth watched Plaintiff shower nude from a distance of less

6  than 10 feet away.  During her shower, Plaintiff realized she was being watched by the male

7  youth.

8      18.  After watching Plaintiff shower, the male youth proceeded to tell other youths

9  that he watched Plaintiff, and all other female youths, shower in the nude.  He described

10  Plaintiff's nude body in detail to the other youths.

11      19.  Shortly thereafter, Plaintiff filed a greivance with Defendants explaining that a

12  mature male youth was allowed to watch her shower in the nude.  She was assured by

13  Defendants that the male youth would immediately be transferred.  He was not.  Instead, he

14  was placed on "room confinement."  As a result, several days later, the male youth sexually

15  harassed Plaintiff and attempted to show her his penis.  He later bragged to several other

16  youths about how he sexually harassed Plaintiff and attempted to show Plaintiff his penis.

17      20.  After the male inmate attempted to show Plaintiff his penis, claimant filed a

18  second grievance with Defendants.  After her second greivance was filed, the male youth

19  was finally transferred to a different, all-male, unit.

20                  **FIRST CAUSE OF ACTION - NEGLIGENCE**

21      21.  Plaintiff re – alleges each and every allegation set forth in paragraph 1 through

22  20 of Plaintiff's complaint as though fully set forth herein.

23      22.  Defendants had the duty to provide Plaintiff with a safe and home-like

24  environment, free from physical, sexual, emotional, or other abuse, and to ensure her safety

25  and dignity.

26      23.  Defendants breached this duty by placing Plaintiff in a coed facility rife with

27  sexual harassment.

28

-4-

COMPLAINT FOR DAMAGES

20-17

24. Defendants further breached this duty by allowing a mature male youth to watch the then 17 year old Plaintiff shower in the nude from the comfort of his own cell.

25. Defendants further breached this duty by allowing the same male youth to continue to sexually harass Plaintiff after he should have been transferred to an all male facility.

26. As a result of Defendants' negligence, Plaintiff was harmed.

27. Defendants' negligence was a substantial factor in causing Plaintiff's harm.

## SECOND CAUSE OF ACTION - NEGLIGENCE PER SE

28. Plaintiff re – alleges each and every allegation set forth in paragraph 1 through 20 of Plaintiff's complaint as though fully set forth herein.

29. Defendants violated Welfare and Institutions Code § 851 by failing to maintain juvenile hall in such a manner so that it would "not be deemed to be, nor be treated as, a penal institution" and by failing to create "a safe and supportive homelike environment."

30. Defendants violated Welfare and Institutions Code § 224.71(a) by failing to provide a "safe, healthy, and clean environment conducive to treatment and rehabilitation" at juvenile hall, where minors under its care, custody, supervision, and control "are treated with dignity and respect."

31. Defendants violated Welfare and Institutions Code § 224.71(b) by failing to keep the minors under its care, custody, supervision, and control "free from physical, sexual, emotional, or other abuse."

32. Defendants violated Welfare and Institutions Code § 224.73, by failing to "ensure the safety and dignity of all youth in their care..."

33. As a result of Defendants' violation of the law, Plaintiff was harmed.

## THIRD CAUSE OF ACTION – RIGHT TO PRIVACY

34. Plaintiff re – alleges each and every allegation set forth in paragraph 1 through 20 of Plaintiff's complaint as though fully set forth herein.

1     35.  Plaintiff had a reasonable expectation of privacy that she would not be watched

2  by a mature male youth while showering in the nude at the San Joaquin County Juvenile

3  Detention Center.

4     36.  Defendants had a duty to prevent male youths from watching female youths

5  shower in the nude.

6     37.  Defendants allowed a mature male youth to watch Plaintiff (and other female

7  youths) shower in the nude.

8     38.  This intrusion on Plaintiff's privacy is highly offensive to a reasonable person.

9     39.  Plaintiff was harmed.

10     40.  Defendants' conduct was a substantial factor in causing Plaintiff's harm

11  **FOURTH CAUSE OF ACTION - MUNICIPALITY LIABILITY – 42 USC § 1983**

12     41.  Plaintiff re – alleges each and every allegation set forth in paragraph 1 through 20

13  of Plaintiff's complaint as though fully set forth herein.

14     42.  Defendants, acting under the color of law, allowed a male youth to watch

15  Plaintiff (and other female youths) shower in the nude.

16     43.  Defendants' conduct violated Plaintiff's rights under the constitution, in

17  particular, her constitutional right to privacy.

18     44.  By reason of the aforementioned acts and omissions, Plaintiff was harmed.

19     45.  Defendants' conduct was a substantial factor in causing Plaintiff's harm.

20     46.  Plaintiff seeks compensatory damages for the violation of her rights and also

21  seeks attorney fees under this claim.

22  **FIFTH CAUSE OF ACTION - VIOLATION OF PRISONER'S FEDERAL CIVIL RIGHTS VIOLATION OF PRISONER'S FEDERAL CIVIL RIGHTS**

23  **(EIGHTH AMENDMENT (42 U.S.C. § 1983))**

24     47.  Plaintiff re – alleges each and every allegation set forth in paragraph 1 through 20

25  of Plaintiff's complaint as though fully set forth herein.

26     48.  As a result of Defendants' conduct, Plaintiff was subjected to conditions at the

27  juvenile hall that violated her constitutional rights.  In particular, she was placed in a coed

28

20-17

1  facility where she was subjected to sexual harassment and where a mature male youth was

2  allowed to watch her shower in the nude.

3      49. Defendants' conduct created a substantial risk of serious harm to Plaintiff's

4  health and safety.

5      50. Defendants knew that their conduct created a substantial risk of serious harm to

6  Plaintiff's health and safety.

7      51. That there was no reasonable justification for the conduct.

8      52. Defendants were acting or purporting to act in the performance of their official

9  duties.

10      53. Plaintiff was harmed; and

11      54. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

12      55. Plaintiff seeks compensatory damages for the violation of her rights and also

13  seeks attorney fees under this claim.

14  **PRAYER FOR RELIEF**

15      a. For economic damages according to proof at trial;

16      b. For general damages according to proof at trial;

17      c. For attorney's fees as allowed by law;

18      d. For costs of suit as allowed by law;

19      e. Any interest provided by law;

20      f. For any other relief as the court may deem just, proper, and appropriate.

21                  DATED:    April 21, 2017

22

23                   *[signature]*

24                   Shafeeq Sadiq, Esq.

                  SADIQ LAW FIRM

25                   Attorneys for Plaintiff S.B.

26

27

28  -7-
COMPLAINT FOR DAMAGES

# EXHIBIT B

1 | HERUM CRABTREE SUNTAG
*A California Professional Corporation*
2 | DANA A. SUNTAG, State Bar Number: 125127
JOSHUA J. STEVENS, State Bar Number: 238105
3 | 5757 Pacific Avenue, Suite 222
Stockton, CA  95207
4 | Telephone: (209) 472-7700
Facsimile: (209) 472-7986
5 | dsuntag@herumcrabtree.com
jstevens@herumcrabtree.com
6 |
7 | Attorneys for Defendant
COUNTY OF SAN JOAQUIN

FILED

2017 JUN 21  PM 3:20

ROSA JUNQUEIRO, CLERK

BY Stephanie Ceja
DEPUTY

8 |

SUPERIOR COURT OF CALIFORNIA

9 |

COUNTY OF SAN JOAQUIN

10 |

| S.B,, | ) | Case No.: STK-CV-UPI-2017-4029 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | DEFENDANT COUNTY OF SAN |
| vs. | ) | JOAQUIN'S ANSWER TO PLAINTIFF'S |
| | ) | UNVERIFIED COMPLAINT FOR |
| COUNTY OF SAN JOAQUIN, et al , | ) | DAMAGES |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

1

DEFENDANT COUNTY OF SAN JOAQUIN'S ANSWER
TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

HERUM CRABTREE SUNTAG
ATTORNEYS

Defendant County of San Joaquin, for itself only, answering Plaintiff S.B.'s unverified complaint for damages, pursuant to Code of Civil Procedure Section 431.30, denies each and every allegation and denies it is indebted or liable to Plaintiff for any reason or in any amount.

## FIRST AFFIRMATIVE DEFENSE

Each cause of action fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to impose liability based on the doctrine of respondeat superior.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by absolute immunity.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff was careless and negligent in connection with the matters she alleges, and such carelessness and negligence proximately caused and contributed to the alleged loss and/or damage. Therefore, any damages awarded should be reduced in proportion to fault.

## SIXTH AFFIRMATIVE DEFENSE

The acts and/or omissions of third person(s) and/or entity(ies), negligent or otherwise, proximately caused or contributed to the loss and/or damage, if any, Plaintiff sustained or may sustain. Therefore, any liability should be reduced in proportion to the fault of third person(s) and/or entity(ies), including without limitation any non-economic losses or injuries caused by such third person(s) and/or entity(ies).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of a failure to mitigate alleged damages.

2

DEFENDANT COUNTY OF SAN JOAQUIN'S ANSWER
TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to exhaust administrative remedies or failed to satisfy a condition precedent to a court action.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of loss or damage of the nature she claims to have sustained.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

All of Defendant's actions were based on a good faith exercise of responsibility conferred on it.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by privilege.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and with reasonable and probable cause in connection with the matters alleged in Plaintiff's complaint and with the honest and reasonable belief that such actions were reasonable and necessary.

## FIFTEENTH AFFIRMATIVE DEFENSE

All of Defendants' actions were conducted with due care in the execution or enforcement of laws.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent.

3

DEFENDANT COUNTY OF SAN JOAQUIN'S ANSWER
TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant acted in good faith with probable cause and with the honest and reasonable belief that its actions were reasonable and necessary and did not know that any such actions would violate Plaintiff's constitutional rights.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrine of unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff was given, or had available to her, proper due process for each of the alleged deprivations of constitutional rights.

### TWENTIETH AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted reasonably in connection with the matters alleged.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant neither knew nor had reason to know that its acts or omissions would violate any clearly established right of Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because at no relevant time were the laws on which Plaintiff relies clearly established.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she had other adequate remedies.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Pursuant to Government Code Section 815.2(b), the County is not liable for any injury resulting from an act or omission of an employee where the employee is immune from liability. Pursuant to Government Code Section 820.2, there is no liability for any public employee because of the acts of discretion they engaged in.

ERUM \ CRABTREE \ SUNTAG
ATTORNEYS

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Pursuant to Government Code Section 844.6(a)(1), Defendant is not liable for Plaintiff's injuries to the extent they were caused by any prisoner; pursuant to Section 844.6(a)(2), Defendant is not liable for any of Plaintiff's alleged injuries.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Pursuant to Government Code Section 845.2, Defendant is not liable to the extent Plaintiff's claims are based on an alleged failure to provide sufficient equipment, personnel, or facilities in Juvenile Hall.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges and claims all rights, defenses, and immunities granted by virtue of California Government Code Sections 810 through 996.6, inclusive, and any other immunities, rights, and defenses provided by law, and the rights, defenses, and immunities granted by such Government Code sections shall not be limited or diminished by the other Government Code sections previously asserted as affirmative defenses.

Wherefore, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by her complaint and that her complaint be dismissed with prejudice;

2.    For attorneys' fees incurred, as allowed by law;

3.    For costs incurred; and

4.    For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated:  June 21, 2017

HERUM\CRABTREE\SUNTAG
*A California Professional Corporation*


By: _____
JOSHUA J. STEVENS
Attorneys for Defendant
COUNTY OF SAN JOAQUIN

5

DEFENDANT COUNTY OF SAN JOAQUIN'S ANSWER
TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

**PROOF OF SERVICE**

I, Julie L. Sanchez, certify and declare as follows:

I am over the age of 18 years and not a party to this action. My business address is HERUM \ CRABTREE \ SUNTAG, 5757 Pacific Avenue, Suite 222, Stockton, CA 95207. On the date set forth below, I served the following document(s):

**DEFENDANT COUNTY OF SAN JOAQUIN'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**

[X]    **BY U.S. MAIL.** By enclosing the document(s) in a sealed envelope addressed to the person(s) set forth below, and placing the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing of correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Shafeeq Sadiq
Sadiq Law Firm
509 W. Weber Avenue, Suite 202
Stockton, California  95203

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 21, 2017

_Julie L. Sanchez_
Julie L. Sanchez

DEFENDANT COUNTY OF SAN JOAQUIN'S ANSWER
TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

HERUM \ CRABTREE \ SUNTAG
ATTORNEYS

# EXHIBIT C

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**222 E. Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

### Case Number: STK-CV-UPI-2017-0004029

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 10/20/2017 | Time: 8:45 AM | |
|---|---|---|---|
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT** | **PHONE Numbers:** |
| Elizabeth Humphreys | Stockton | 10C | Stockton: 209-992-5693<br>Lodi:      209-992-5522 |

**PLEASE NOTE: Effective July 31, 2017 the Stockton Court will be located at 180 E. Weber Avenue, Stockton CA 95202**

[ x ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

   a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

   b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

   c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

   d. **Collection cases** are managed pursuant to CRC 3.740.

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call Court Call, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

   Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 04/21/2017                                        _____Lisa Vega_____ ,Deputy Clerk

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

**PROOF OF SERVICE**

I, Julie L. Sanchez, certify and declare as follows:

I am over the age of 18 years and not a party to this action.  My business address is HERUM \ CRABTREE \ SUNTAG, 5757 Pacific Avenue, Suite 222, Stockton, CA 95207.  On the date set forth below, I served the following document(s):

**NOTICE OF REMOVAL OF ENTIRE ACTION**

[X]     **BY U.S. MAIL.**  By enclosing the document(s) in a sealed envelope addressed to the person(s) set forth below, and placing the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing of correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Shafeeq Sadiq
Sadiq Law Firm
509 W. Weber Avenue, Suite 202
Stockton, California  95203

Office of the County Counsel of San Joaquin
Matthew P. Dacey
Deputy County Counsel
44 North San Joaquin Street, Suite 679
Stockton, California  95202

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 22, 2017

_Julie L. Sanchez_
Julie L. Sanchez

4
NOTICE OF REMOVAL OF ENTIRE ACTION